# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1901
_____

United States of America

*Plaintiff - Appellee*

v.

Terry Marshall Campie

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: November 12, 2024
Filed: December 9, 2024
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Terry Campie appeals the district court's[1] denial of his 18 U.S.C. § 3583(e)(1) motion for early termination of his supervised release.  Upon careful review, we

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

conclude that the district court did not abuse its discretion by declining to terminate Campie's supervision.  See United States v. Mosby, 719 F.3d 925, 930 (8th Cir. 2013) (district court's denial of motion for early termination of supervised release is reviewed for abuse of discretion).

The district court considered the relevant factors under 18 U.S.C. § 3553(a), and examined the facts and circumstances relevant to Campie's motion.  As the district court noted, Campie has made considerable efforts to comply with the terms of his supervision.  But the district court "is in the best position to evaluate the circumstances of each individual defendant."  Mosby, 719 F.3d at 930.  The district court properly evaluated those circumstances and the parties' arguments, and we see no abuse of discretion in its decision.  See, e.g., United States v. Rodriguez, 498 F. App'x 657, 658 (8th Cir. 2013) (unpublished per curiam) (considering nature and circumstances of offense in denying motion to terminate supervised release).

That the district court only recently became acquainted with Campie's case might be reason to scrutinize its decision more closely.  See United States v. Norris, 62 F.4th 441, 450 (8th Cir. 2023) (summary denial of motion to terminate is appropriate where court has "presided over [defendant]'s case from its inception").  But where, as here, a district court adequately apprises itself of relevant facts and circumstances and thoroughly explains its reasoning, there is no abuse of discretion.  See id. at 451; see also Mosby, 719 F.3d at 931 (no abuse of discretion in summary denial of motion to terminate supervised release).

Accordingly, we affirm.

_____